## DUTCH FLAT WATER CO. *v.* MOONEY *et al.*

In an action of ejectment to recover mining claims, an answer to the complaint which avers, "that any right that plaintiffs may have ever had to the possession, etc., they forfeited by a noncompliance with the rules, customs and regulations of the miners of the diggings embracing the claims in dispute, prior to the defendants' entry," is insufficient, in not setting forth the rules, customs, etc.

This averment of forfeiture is a legal conclusion upon which no issue can be taken. The facts should be stated so as to enable the Court to determine whether the forfeiture did accrue.

The mode of acquiring and the extent of a mining claim must be in conformity with the local rules of miners; but, *query*, can the local regulations alter the general rules of the right of holding property, by creating a new and arbitrary rule, or by abrogating the old rules?

APPEAL from the Eleventh District, County of Placer.

The facts sufficiently appear in the opinion of the. Court.

· *B. F. Myers* for Appellant.

*M. E. Mills* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD J., concurring.

Ejectment for mining claims. Defendant answered, averring that the plaintiff had lost whatever right he had by a failure to comply with the rules, regulations and customs of the mining district. To this loose and general allegation the defendant demurred. The Court overruled the demurrer. The parties are entitled to a definite issue upon which the case can be intelligently tried. The object of pleading is to apprise the adverse party of the distinct subject matter of averment or defense intended to be relied on. If the matter itself be good—which is not a little questionable—the manner of its statement is so loose and vague that no purpose of a pleading is subserved by it; for what were these regulations or customs—how many—how violated —when—under what circumstances? The general obligation of forfeiture is a legal conclusion upon which no issue can be taken. The

facts must be stated so as to enable the Court to see whether the forfeiture did accrue.

We do not decide· the question as to the power of a mining district to pass a valid regulation declaring the tenure of this species of property to be different from that created by the general law. The Act of the Legislature giving effect to these local regulations, qualifies the power by providing that the rules so passed shall not be inconsistent with the Constitution or laws of the State. · We see no inconsistency in holding that the mode of acquiring, and the extent of the claim, shall be according to these local rules; but when a right of property shall have attached, it may be more difficult to maintain that it can be divested by a rule or regulation, when the rule opposes the general law fixing the tenure.

It is true, that the right coming entirely from possession may be lost by an abandonment of the possession, and the law determines what shall be or prove an abandonment; but the question is, can the local regulation alter this general principle, either by creating a new and arbitrary rule, or abrogating the old ones. As this is an important matter, and the question has not been fully argued, we reserve a decision of it. For the errors assigned, the judgment is reversed and cause remanded.