DANIEL JOHNSON ET AL., RESPONDENTS, v. JOHN McLAUGHLIN ET AL., APPELLANTS.

LAWS OF UNITED STATES RELATING TO ACQUISITION OF TITLE TO MINERAL LANDS on the public domain are paramount, and the laws of a state or territory, so far as they conflict therewith, are entirely nugatory.

LOCATION OF MINING CLAIM RECORDED IN STRICT COMPLIANCE WITH LAWS OF UNITED STATES and of the territory of Arizona, in the recorder's office of the proper county, is valid, although not recorded with, nor examined by, the local district recorder, in compliance with the local regulations of the mining district.

FAILURE TO COMPLY WITH LOCAL REGULATIONS OF MINING DISTRICT DOES NOT WORK FORFEITURE of a prior location, unless such regulations prescribe a forfeiture as the penalty of their non-observance.

APPEAL from the district court of the first judicial district, county of Pima. The opinion states the facts.

*Ben. Morgan*, for the appellants.

The only point in this case is whether the right to a mine once acquired by complete compliance with the laws of the United States and of this territory can be taken away by reason of the omission to comply with a district regulation to which no penalty is attached. In other words, whether the discoverer of a ledge, after marking it upon the ground

by monuments, so that his claim may be readily traced, and placing written notices upon the monuments defining the extent of the claim, can be divested of his property and possession because of non-compliance with a district law which serves no useful end or purpose. The revised statutes of the United States, section 2324, provide that "all records of mining claims hereafter made shall contain the names of the locators, the date of the location, and such a description of the claim or claims located by reference to some natural object or permanent monument as will identify the claim." The party who makes the record is the recorder. Suppose he should omit any of the above requisites, would the locator lose his rights, and if so, upon what theory? It will be observed that what the locator is compelled to do is entirely different from the duties of the recorder. The only object of a record under the law is to give notice of the ownership of the claim. Prior to the enactment of that law, it was for the double·purpose of giving notice and of preventing a swinging of the claim.

In the case of the *Golden Fleece Co.* v. *Cable Con. Co.*, 12 Nev. 330, the court say: "The requirements of the law as to what the record shall show are evidently designed to fix the *locus* of the claim, in order to prevent floating. But the monuments defining the claim on the ground answer this purpose better than the record, and if they are to be erected in the beginning, there can be but little use ever to make a record."

In this case Johnson went upon the ground located as the "Red Top," with its *locus* fixed, as the court finds, by seven monuments, with the notice upon it, and seen by him, and proceeded to locate the identical claim for the reason, as he says: "The notice had run out fifteen days; it had been subject to re-location for fifteen days." The court finds that under the district laws, "the recorder is prohibited from recording the claim if he finds a prior valid claim thereto," so that when he went upon the "Red Top" claim he was confronted with an insuperable obstacle to the record of the Montreal. The "Red Top" was already a valid location under the United States laws.

Forfeiture is a question of fact, and the doctrine is laid down in the following cases: *McGarrity* v. *Byington*, 12 Cal.

426; *Colman* v. *Clements*, 23 Id. 245; *Bell* v. *Bed Rock T. &
M. Co.*, 36 Id. 214. Abandonment is a question of fact
resting upon the intent of the parties. It would be absurd
to urge estoppel.

*Earll* and *Smith*, for the respondents.

Counsel for appellant assume that the point presented by
the record in this case is "whether the right to a mining
claim once attached can be taken away by reason of non-
compliance with the law of the district." In this position
counsel is in error. He fails to make the distinction exist-
ing between a right attached, and a forfeiture of such right
by reason of subsequent non-compliance with some rule of
the mining district in which the claim is situated, the
observance of which is necessary to the right of continued
possession. The real point involved is, can any one quali-
fied to occupy and possess the mineral lands of the United
States, attain the full right to hold the same except under
compliance with the acts of congress in relation thereto, and
such other laws of the territory, and of the mining district
in which such lands are situated, as are not repugnant to
the laws of the United States?

It will not be questioned that the miners of a mining dis-
trict have the right to establish rules and regulations concern-
ing the location and occupation of the mineral lands of the
United States, and that such rules have the force of law when
not inconsistent with the laws of the United States. U. S. R.
S., secs. 2322, 2324; see also Comp. Laws, 512, sec. 1.

It is made imperative by the rules of Smith's mining
district, that all mining claims located in that district shall
be recorded in the mining records of the district within
thirty days after the same are located. The observance of
this rule is made a condition precedent to the right to hold
a mining claim, and without complying with the rule the
right to hold possession is not attained; it has not attached.

The reason of this rule is so apparent that its discussion
is unnecessary. It is obvious that its enforcement is as
necessary as any other act of location required by the laws
of the United States. Each act required to be done, when
performed, operates as matter of notice of the right to oc-
cupy, and that it is a valid claim.

The record in this case shows that appellants did not do any work upon the claim in controversy until after the entry thereon by respondents, and while respondents were in possession, and had the right of possession. The location of appellants was not valid—no right by them had been acquired. Not having complied with the law of location, the claim was open to entry and occupation.

It is the policy of the government to have the mineral lands occupied and worked, and not taken and held for mere speculative purposes; and those who will not abide by the law governing this license must give way to those who will comply with its plain and liberal provisions.

"The mining laws of the United States recognize and sanction the custom among the miners of organized mining districts, to adopt local laws or rules governing the location, recording, and working of claims, not in conflict with the state or federal legislation." *Golden Fleece* v. *Cable Con. M. Co.*, 12 Nev. 312.

"In order to secure the right of possession to a mining claim, there must be a compliance, not only with the laws of the United States, but also with such local regulations of the mining district as are not in conflict therewith." *Gleeson* v. *Martin White M. Co.*, 13 Nev. 442.

"The rules and customs which point out the manner of locating mining ground are conditions precedent which must be substantially complied with."

"The rules and customs of the miners in a particular district are laws, and constitute the American common law on mining the precious metals." *King* v. *Edwards*, 1 Mont. 235.

"The right to occupy, explore, and extract the precious minerals in the mineral lands of the United States becomes vested in the party who locates these lands according to the local rules and customs of the mining district in which they are situated." *Robertson* v. *Smith*, 1 Mont. 410.

To enable a party to maintain a right to a mining claim after the right is acquired, it is necessary that the party continue substantially to comply with the mining rules and customs established and in force in the district where the claim is situated. *Strang* v. *Ryan*, 46 Cal. 33.

We hold that appellants at the time of the entry of re-

spondents upon the mining claim set out in this action had not acquired a right to the possession, because they had not complied with the law concerning location and occupancy: but simply for the sake of argument let us accept the theory of counsel for appellants, and admit that, at a time prior to the entry of respondents, appellants had attained the right to occupy; and admit still further, that the rule making a record of the notice in the district is a condition subsequent, and relates only to the right of continued occupancy. Even in that view of the case, we hold that such right was lost by reason of non-compliance with the law requiring the recording of the notice of location in the district.

"The rules and customs of miners, that require locators to do a certain amount of work upon their claims, are conditions subsequent, and the law presumes that such locators forfeit their rights to possess and mine the same by a failure to comply therewith, although no penalty is specified in such rules and customs." *King* v. *Edwards*, 1 Mont. 235.

"A right to hold and work a mining claim when acquired may be lost by a failure or neglect to comply with the rules and regulations of the miners relative to the acquisition and tenure of claims in force in the bar or diggings where the claim is located; and if such rules and regulations are not complied with by those holding claims in the district, the ground becomes once more open to the occupation of the next comer." *St. John* v. *Kidd*, 26 Cal. 263.

It will be observed by the following decisions of the general land office that there is perfect accord in that department of government with the judicial determinations hereinbefore referred to.

"The mining laws of the United States recognize and sanction the custom among the miners of organized mining districts to adopt local laws or rules governing the location, recording, and working of claims, not in conflict with the state or federal legislation."

"The rules and customs which point out the manner of locating mining ground are conditions precedent which must be substantially complied with." Mineral Lands, 418.

In order to secure the right of possession to a mining claim there must be a compliance not only with the laws of the United States, but also with such local regulations of

A. T. REPS. I—32

the mining district as are not in conflict therewith." 8 Land Owner, 60.

. "The right to occupy, explore, and extract the precious minerals in the mineral lands of the United States, becomes vested in the party who locates these lands according to the local rules and customs of the mining district in which they are situated."

" To enable a party to maintain a right to a mining claim after the right is acquired, it is necessary that the party continue substantially to comply with the mining rules and customs established and in force in the district where the claim is situated." Mineral Laws, 418.

We respectfully submit that the judgment of the court below is sustained by the law and evidence, and should be affirmed.

By Court, FRENCH, J.:

This action was heard before the district judge, without a jury, and full findings of fact filed.

No exceptions were taken, nor any objections made to said findings by either party. The judgment was for the plaintiffs.

A motion for a new trial was made by the defendants, on the grounds of insufficiency of the evidence to justify the decision and judgment, and that the same were against law, which motion was denied, and this appeal is from both the judgment and order denying a new trial. On its first hearing in this court the judgment and order denying a new trial were reversed, and the cause ordered remanded for a new trial. On the announcement of which decision both parties expressed a wish for judgment upon the findings, without a new trial. Upon petition a rehearing was granted, and upon such rehearing questions of law on the findings only were discussed.

The defendants located the claim in controversy on the twenty-first day of June, and recorded the same on the fifth day of July, in the recorder's office of the proper county.

The plaintiffs located the same ground on the fifth day of August, and recorded the same with the district recorder on the sixth of August, and with the county recorder on the fourteenth of August, all of said acts being in the months of June, July, and August, 1879.

The defendants' location and record being thus clearly first in priority, the only question in the case is, Did the defendants lose their right by failure to comply with the local requirement to record with the local district recorder, and to procure the district recorder to go upon the ground to examine the same?

The sixth finding is as follows: "That at the times of the respective locations of said premises, all the parties to this action were, and ever since have been, qualified to enter upon and explore the mineral lands of the United States, and locate, occupy, and purchase the same under the provisions of the laws of the United States; and the said defendants, and the said Daniel Johnson, in their respective locations of the premises, complied with the requirements of the laws of the United States and of this territory, and the rules and regulations of the said mining district, except the failure on the part of the defendants to file and record their location in the office of the recorder of said mining district, and their failure to procure the recorder of said district to go upon and examine the location as required by the local rules and regulations of said district.

The court finds (sixth finding) that said defendants, in their location of the premises, complied with the requirements of the laws of the United States, and of this territory, and the rules and regulations of the mining district, except in this respect.

The right to a mining claim rests: 1. On the laws of the United States; 2. On the laws of the state or territory; and 3. On the regulations of the mining district wherein the same is located.

By the express provisions of the United States statutes these regulations must not conflict with either the laws of the United States or the laws of the state or territory in which the district is situated.

The laws of the United States are of course paramount. The laws of either state or territory must not conflict with those of the United States, and so far as they do they are entirely nugatory to the extent of said conflict.

The more distinctly these classes of provisions are preserved, the more certain and easy are the rules of decision upon the aggregate provisions of all of them. It is not

proposed here to discuss generally, or even to enter upon the inquiry how, or how far legislative acts of state or territory may go upon the same subject-matter contained in the acts of congress, or how far local regulations may trench upon both United States and state or territorial provisions without legally conflicting with the paramount provisions. It is apparent that while the United States laws remain intact, a uniform basis is presented to the courts of all the mineral portion of the country for decision.

The legislature of a neighboring territory recently passed an act providing that the one hundred dollars' worth of labor or improvements on a mining claim which, by United States statutes, and entirely uniform decisions of all the courts, including the United States supreme court, may be made at any time *during the year*—must be made during the *first month* of the year.

This is indirectly in the nature of an amendment to the United States statute. The same reasoning applies to attempted changes in the provisions of state or territorial acts by local rules and regulations.

In view of the great magnitude of mining interests, the rules of decision as to title should be as certain as possible.

The respondents in this case earnestly urge that appellants never attained a full title to the ground in controversy.

The district regulation as to recording is in writing, and reads as follows: "Section 2. All claims shall be recorded within thirty days after the location." Trans., folio 94.

The right of appellant, whatever it was up to the expiration of these thirty days, can not be questioned.

Under the sixth finding, hereinbefore cited in full, the right of appellants was perfect up to this time; and this brings us back to the only question in the case, did the appellants lose their right by failing to bring the district recorder upon the ground, etc., and recording their claim with the district recorder? By the local regulations this district recorder is required to go upon the ground to inspect it, and "is inhibited from recording the claim if he finds a prior valid claim thereto." (Findings of fact, transcript, folio 19.) What is a valid claim is a question of law. On the sixth day of August the district recorder, with one of the respondents

herein, visited the ground and apparently decided this legal question in favor of the respondents.

The appellants had already, on the twelfth day of July preceding, filed and recorded their claim with the county recorder.  The territorial laws give sixty days in which to record these claims.

The laws of the territory require all the claims of this kind (lode claims) to be filed and recorded in the office of the county recorder of the county in which such claims are situate, and give, as before stated, sixty days to make such filing and record after their location.

But aside from all these questions, should the right of a party who has complied, *in all respects*, with the laws of the United States and the territory, and the rules and regulations of the mining districts, except in the particular before mentioned, be taken away for failure to comply with a district regulation which provides no penalty or forfeiture for its non-observance?

At a time when the right to mining claims rested mainly on local rules, and before the existence of many of the present federal laws upon the subject, the supreme court of California, in *McGarrity* v. *Byington*, 12 Cal. 431, said: "The failure to comply with *any one* of the mining rules and regulations of the camp is not a forfeiture of title.  It would be enough to hold the forfeiture as a result of the non-compliance with *such* of them as make a non-compliance a cause of forfeiture."

In *Bell* v. *Bed Rock T. & M. Co.*, 36 Cal. 219, Mr. Justice Sanderson, speaking for the court, says: "The objection taken to this instruction is that it directs the jury to find for the defendant, if they find from the evidence that the plaintiffs had failed to comply with certain mining rules and regulations without accompanying the same with a further charge, as to whether those rules and regulations declared a forfeiture as the result of such non-compliance.  The failure of a party to comply with a mining rule or regulation can not work a forfeiture unless the rule itself so provides.  There may be rules and regulations which do not provide that a failure to comply with their provisions shall work a forfeiture.  If so, a failure will not work a forfeiture."

The same doctrine is announced in *English* v. *Johnson*, 17

Cal. 118; Mr. Justice Baldwin delivering the opinion, and Mr. Chief Justice Field concurring. It has also been uniformly held by the supreme court of California, that abandonment of a mining claim may be proved under the general issue, but that forfeiture must be pleaded. *Dutch Flat Water Co.* v. *Mooney*, 12 Cal. 534; *Wiseman* v. *McNulty*, 25 Id. 230; *Morenhaut* v. *Wilson*, 52 Id. 263.

The forfeiture mentioned in these decisions is not the common-law forfeiture, but a mining-claim forfeiture, that is, the loss of the right, previously acquired, to hold and work a mining claim.

It is worthy of remark that this line of decision occurred in California during the existence of the following statute: " In actions respecting mining claims, proof shall be admitted of the customs, usages, or regulations established and enforced at the bar or digging embracing such claims, and such customs, usages, or regulations, when not in conflict with the constitution and laws of this state, *shall govern the decision* of the action." Act, sec. 621, p. 2. The above enactment makes no mention of federal constitution or laws, and some have inferred that no federal laws concerning these public mineral lands then existed. This is not the case—the United States government simply forbore to enforce the laws and rights of the United States then existing as to these lands. It is also probable that the doctrine of state ownership of the mines, then extensively entertained, but long since entirely abandoned, had more or less to do with the terms of this enactment.

It was made applicable to trials in justices' courts.

It may be reasonably questioned whether the concluding words "shall govern the decision of the action" is a proper provision.

The decision of all cases, it would seem, should be governed by all the law applicable thereto and all the legal evidence in the case. Gradually the courts of California adopted the principles of this enactment, and the courts and many of the legislatures of other mining states and territories recognized them to a greater or less extent, and finally the congress of the United States recognized and adopted them.

The decisive character of the California enactment makes

the decisions of her courts the more cogent, so far as deny-
ing forfeiture under said local regulations is concerned.

The rule as to forfeiture above recited, to wit: that the
prior locator shall not lose his right by failure to comply
with a local regulation unless such regulation prescribes a
forfeiture as a penalty of its non-observance, has been criti-
cised in some instances, and in *King* v. *Edwards*, 1 Mont.
235, disapproved; but it has been recognized as a safe and
conservative rule of decision in the *nisi prius* courts of this
territory, tending to the permanence and security of mining
titles, and we are not prepared to reject it in the present
case.

Judgment and order reversed, and court below directed
to enter judgment on the finding for appellants.

PINNEY, J., concurred.