WULF, RESPONDENT, v. MANUEL, APPELLANT.

PLEADING—*Mines and minerals—Forfeiture of mining claim.*—In an action for the possession of a mining claim, a party relying upon a forfeiture by his adversary must specially plead such forfeiture; and the facts constituting the same must be alleged and proved upon the trial.

On rehearing. Same case reported *ante*, page 279.

DE WITT, J.—A statement of this case appears fully in the opinion on the original hearing, and will not be repeated. We now learn that we fell into an error of fact, for which the rehearing was granted. In the record appear the names, Alfred Manuel and Fred Manuel. The similarity of the names, and the fact that Fred is an ordinary abbreviation for Alfred, led us

to believe that these names represented one person, and that he was called indifferently Alfred and Fred. Our attention is now called to the fact that Alfred was the locator of the Marshal Ney Claim, and that Fred was the person who appears as a link in the chain of plaintiff's title. With this new light it becomes necessary to add a word to our former opinion.

Appellant contends that Fred Manuel was an alien during all the time that he purported to hold the title. He then takes the position, in his notice of motion for new trial, and in his specifications of error on the motion, and on the appeal, that when title was attempted to be conveyed by the deed from Pflaume to Fred Manuel a forfeiture took place, and the land escheated to the United States. We do not give any opinion, whether the said attempted conveyance worked a forfeiture or not; but we will assume for the sake of the argument that the appellant's view of that conveyance is entirely correct, and that it had the effect that he claimed, that is to say, that it worked a forfeiture, and will decide the case on the theory that appellant advances. A party relying upon a forfeiture by his adversary in these contests for the possessory rights to mining claims must specially plead such forfeiture, must set forth the facts constituting the same, and prove them on the trial. The answer in the case denies the plaintiff's ownership, possession, and right of possession of the premises. It does not specially plead the forfeiture now claimed; it does not set forth the facts constituting the same; it does not inform the plaintiff that a forfeiture is to be urged, or the nature of the acts or omissions working such forfeiture. If defendant intended to rely upon a forfeiture by plaintiff, he has not observed the rules of law governing that plea. He was properly not heard upon that plea in the court below, and cannot be so heard now. (*Dutch Flat Water Co.* v. *Mooney*, 12 Cal. 534; *Du Prat* v. *James*, 61 Cal. 361; *Morenhaut* v. *Wilson*, 52 Cal. 263; *Renshaw* v. *Switzer*, 6 Mont. 464; *Garfield M. & M. Co.* v. *Hammer*, 6 Mont. 53; *Hopkins* v. *Noyes*, 4 Mont. 556.) The order and judgment of the District Court are affirmed.

HARWOOD, J., concurs.

BLAKE, C. J., did not sit in the case, being disqualified.