MATTINGLY ET AL., RESPONDENTS, *v.* LEWISOHN, APPELLANT.

[Argued April 4, 1893. Decided December 23, 1893.]

MINES AND MINING—*Judgments—Reversal.*—In an action instituted under section 2326 Revised Statutes of the United States, to determine the right of possession to a quartz mining claim wherein it was determined that neither party had established a title, a reversal of the judgment on defendant's appeal, upon the ground that a demurrer to the complaint should have been sustained, vacates it entirely, together with all proceedings subsequent to the demurrer, and therefore an amended complaint filed after such reversal will not be stricken out upon the theory that the judgment still stood in force as an adjudication of plaintiff's rights.

SAME—*Declaratory statement—Instructions.*—In an action to determine the right of possession to a mining claim, it is proper to instruct the jury that the declaratory statement required to be filed by the locator of a mining claim, and

recorded in the office of the recorder of the county in which the claim is located, must be on oath. (*Metcalf* v. *Prescott*, 10 Mont. 283, cited.)

Same—*Annual representation—Instructions.*—In such case an instruction, in effect, that it was not necessary for the plaintiffs to prove annual representation of their claim, is proper, where there was no issue raised by the pleadings in respect thereto.

Same—*Same—Instructions.*—In such case an instruction upon the issue of annual representation is not prejudicial to defendant which states that there is no dispute that seventy-five dollars worth of work was done on defendant's claim, but that as to the remaining twenty-five dollars the fact is disputed, and the evidence conflicting, where the actual amount in dispute was but a few dollars less.

Same—*Same—Instructions.*—An instruction which correctly states the requirements of the law in respect to annual representation cannot be held erroneous in that it exacts too rigid a compliance with the letter of the mining laws.

Same—*Same—Instructions.*—In such case an instruction upon the question of annual representation, that, in estimating the amount of work or improvements, the test is not what was paid for it, but depends entirely upon whether or not said work or improvements were reasonably worth the sum of one hundred dollars, is proper, and is not susceptible to the construction that the value of the claim must have been enhanced by such work.

*Appeal from Second Judicial District, Silver Bow County.*

Action to determine the right of possession to mining property. The cause was tried before McHatton, J. Plaintiffs had judgment below. Affirmed.

*M. Kirkpatrick,* for Appellant.

I.   The court erred in overruling defendant's motion to strike out the amended complaint. The legal effect of the judgment of the supreme court was to reverse only that portion of the judgment appealed from which adjudged that defendant Lewisohn had established no title to the premises in controversy; leaving that portion of said judgment whereby it was adjudged, that plaintiffs had established no title to said premises, unreversed and final as to plaintiffs; and that plaintiffs were thereby precluded from asserting any right or title in, or to said premises; had no right to file the amended complaint or to introduce evidence in support of its allegations, or to participate in the trial of the action. The judgment of the district court rendered March 12, 1887, was in legal contemplation an adjudication that the plaintiffs had no right or title in or to the premises in controversy. (*Jackson* v. *Roby,* 109 U. S. 444.) That judgment remains unreversed and final as to the plaintiffs, notwithstanding the appeal prosecuted by defendant Lewisohn,

and the judgment rendered thereon by the supreme court of Montana territory. It is a judgment severable in law, and in fact, into two distinct elements; a judgment compounded of two adjudications, separate and distinct from each other in character, and in the consequences attached to each. By the one it was adjudged that the plaintiffs had no title to the premises in controversy; by the other that the defendant had no title to the premises in controversy. The judgment is in favor of neither of the parties to the action, but against both. Neither party has any interest in the adjudication rendered against the other, since a similar adjudication was rendered against himself. It cannot matter to Lewisohn that plaintiffs are adjudged to have no title as long as he also is declared to be in the same category. In short, these adjudications are as distinct and severable as though they had been rendered on different days or in different actions. There is no assignment that the court erred in rendering judgment against the plaintiffs, nor in any action or ruling which led to that result. Thus the notice of appeal read in connection with the specifications of error show that Lewisohn's appeal was limited to that distinct part of the judgment which was rendered against himself. The statute limits the right of appeal. to parties who are aggrieved. (Code Civ. Proc., § 420.) Lewisohn was in no manner aggrieved by the judgment against the plaintiffs, and had no right to appeal therefrom. "An appeal," says the supreme court of the United States, " brings up for review only that which was decided adversely to the appellant." (*Loudon* v. *Taxing district*, 104 U. S. 771, 774; *Buckingham* v. *McLean*, 13 How. 150; *Chittenden* v. *Brewster*, 2 Wall. 191, 195.) And, as the cases show, the principle applies whether the appeal is from the whole or a part of a judgment or decree. It applies *a fortiori* to a case like the present, where the judgment is composed of two entirely distinct adjudications, and where the assignments of error show that the appellant sought the reversal of the one against himself only. In such a case it is a matter of jurisdiction, and the appellate court has no jurisdiction to reverse the adjudication, which was made in the trial court against the party not appealing, and who by not appealing admits its correctness and waives all errors. (See,

also, *Tilden* v: *Blair*, 21 Wall. 241; *United States* v. *Hickey*, 17 Wall. 9, 13; *City Nat. Bank* v. *Hunter*, 129 U. S. 578; *Mackall* v. *Mackall*, 135 U. S. 167.) A party who is aggrieved by one branch of a decree does not thereby acquire a right to call in question another portion of a decree which has no bearing or effect on his rights and interests. (*Cuyler* v. *Moreland*, 6 Paige, 273, 275; Hayne on New Trial and Appeal, § 281; *Hathaway* v. *Brady*, 23 Cal. 122, 125; *Morley* v. *Elkins*, 37 Cal. 454; *People* v. *Noregea*, 48 Cal. 123; *Dougherty* v. *Henarie*, 47 Cal. 9, 13; *McCreery* v. *Everding*, 44 Cal. 284; *Hibernia Bank* v. *Ordway*, 38 Cal. 679; *Farmers' L. & T. Co.* v. *Waterman*, 106 U. S. 265; *Randall* v. *Hunter*, 69 Cal. 80; *Jackson* v. *Brown*, 82 Cal. 275; *People* v. *Reis*, 76 Cal. 269; *People* v. *Leet*, 23 Cal. 163; *De Leon* v. *Higuera*, 15 Cal. 496; *Ricketson* v. *Richardson*, 26 Cal. 149, 155; *Steele* v. *White*, 2 Paige, 478; *McGregor* v. *Pearson*, 51 Wis. 122; *Gage* v. *Davis* (Ill. Nov. 11, 1887), '14 N. E. 36; *Bank of Oxford* v. *Robbitt*, 108 N. C. 525.) It does not alter the case that the supreme court placed its judgment of reversal on the ground that the complaint did not state facts sufficient, in that it failed to allege that the plaintiffs had filed an adverse claim and commenced suit within the time limited by statute. Such reversal did not effect the adjudication against the plaintiffs, but only that against the defendant who appealed. (*Lake* v. *Tibbitts*, 56 Cal. 481, 484; *Nichols* v. *Dunphy*, 58 Cal. 605.)

II. The jury were instructed that there was no dispute that seventy-five dollars' worth of work was done on the Miners' Union in 1884, but that as to the remaining twenty-five dollars the fact is disputed and the evidence conflicting. It is conceded that at least $78.50 worth of work was done in 1884. The state of the evidence taken in connection with the instruction makes the smallest amount material. The instruction was erroneous. (Hayne on New Trial and Appeal, 343–45, 851–53.)

III. The instruction is likewise erroneous in exacting too rigid a compliance with the letter of the mining laws. Those laws have never been construed by the courts according to their letter; but in a spirit of liberality towards the prior locator and honest occupant of mining ground, and so as to avoid,

if possible, a forfeiture of prior rights. (*Quimby* v. *Boyd*, 8 Col. 208, 209; *Flavin* v. *Mattingly*, 8 Mont. 246; *Russell* v. *Chumasero*, 4 Mont. 309; *McGinnis* v. *Egbet*, 8 Col. 46; *North Noonday M. Co.* v. *Orient M. Co.*, 6 Saw. 300, 309, 313, 314; *Jupiter M. Co.* v. *Bodie M. Co.*, 7 Saw. 96, 114, 115; *Zatters* v. *Highland Chief*, 2 McCrary, 39–43; *Patchen* v. *Keeley*, 19 Nev. 404, 415; *Craig* v. *Thompson*, 10 Col. 528; *Southern Cross etc. Mining Co.* v. *Europa Mining Co.*, 15 Nev. 383; *Carter* v. *Bacigalupi*, 83 Cal. 192, 193; *Golden Fleece etc. Co.* v. *Cable etc. Co.*, 12 Nev. 326, 327.)

IV.    The notice of location was admitted in evidence without exception by plaintiffs.    They are now precluded from urging any objection thereto. (*Garfield etc. Co.* v. *Hammer*, 6 Mont. 62.)    The notice of location is sufficient.    There was a substantial compliance with the statute and the essential facts are stated "on oath." (*Hausworth* v. *Butcher*, 4 Mont. 299, 309; *Russell* v. *Chumasero*, 4 Mont. 317.)

*F. T. McBride*, for Respondents.

The judgment of the district court of March 12, 1887, was not in legal contemplation an adjudication that the plaintiffs had no right or title in or to the premises in controversy. Section 2326 of the Revised Statutes of the United States, as amended by the act of Congress of date March 3, 1881, under which section counsel correctly alleges the action was brought, does not authorize that kind of a judgment to be rendered. The action was one in which the United States was interested, but was not a party.    There were two opposing parties in the action, parties plaintiff on the one hand and parties defendant on the other, and there was one judgment rendered, and when defendant appealed therefrom he appealed from the whole judgment so far as it concerned himself on the one hand and the opposing parties plaintiff on the other.    The plaintiffs were parties in the supreme court, and that court had jurisdiction over the entire judgment so far as it concerned Mattingly et al. on the one side and Lewisohn on the other. (*Barkley* v. *Logan*, 2 Mont. 296; *Chrittenden* v. *Brewster*, 2 Wall. 191; Comp. Stats., div. 1, § 441.)    And when the supreme court reversed the judgment of the district court and remanded the cause on account

of error occuring before the trial, the case was returned to the district court for trial between the plaintiffs on the one hand and the defendant Lewisohn on the other upon all the issues. (Hayne on New Trial and Appeal, 904, 905, 906, and 907, and cases cited; *Collier* v. *Erwin*, 2 Mont. 556; *Woolman* v. *Garringer*, 2 Mont. 405–08.)

II.  The court was justified in instructing the jury that there was a conflict of testimony as to the said remaining twenty-five dollars of representation work for the year 1884.

The instruction does not require more than the United States statute, the language of the statute being that not less than one hundred dollars of work, etc., shall be performed, etc.

Neither a rule of miners nor a state statute can authorize less than one hundred dollars annual labor or representation work without being in conflict with the laws of Congress, and, therefore, void.  (*Sweet* v. *Webber et al.*, 7 Col. 443.)

III.  The notice of location of the Miners' Union lode claim is fatally defective, inasmuch as it is not on oath. (*O'Donnell* v. *Glenn*, 8 Mont. 254; 9 Mont. 452; *Metcalf* v. *Prescott*, 10 Mont. 283.)

Statement of the case by Mr. Justice HARWOOD.

Among other assignments, appellant's counsel criticise as erroneous certain instructions numbered 1, 3, 4, 5, and 6, given by the court to the jury, as follows:

1.  "A location of a quartz lode claim is made by complying with the requirements of the laws of the United States and of the territory or state of Montana, and such requirements are as follows, to wit: There must be discovered within the limits of the claim located a vein or crevice of quartz or other rock in place, bearing gold, silver, or other precious metals, and the vein or crevice must have at least one well-defined wall rock; the location must be so well and distinctly marked on the ground that its boundaries can be readily traced, and, within twenty days after making the location, the locator or locators must file and have recorded in the office of the county recorder of the county in which the claim is situated a declaratory statement on oath, containing the names of the locators, the date of the location, and such a description of the claim located, with

reference to such natural objects or permanent monuments, as will identify the claim; the claim located may equal but cannot exceed fifteen hundred feet in length along the vein, and three hundred feet in width on each side of the center of the vein; the locator or locators must be citizens of the United States, or must have declared their intention to become such."

3. "It is not alleged or pleaded on the part of the defendant that the plaintiffs have forfeited the ground in controversy in this action by reason of a failure to perform the labor or make the improvements required by law, and there is no necessity for plaintiffs to prove such representation, but if you find the ground in controversy herein was on the first day of January, 1885, vacant and unappropriated ground, and that the plaintiffs, or those under whom the plaintiffs claim, located the same according to the law as given you in the instruction herein, then you will inquire no further, but will find a verdict for the plaintiffs."

4. "The plaintiffs in this action deny the location of the Miners' Union lode claim, and also allege that the said claim, if it ever was located, has been forfeited by a failure, on the part of the defendants and their predecessors in interest, to perform the labor or make the improvements required by law during the year 1884; and if the jury find from the evidence either that there was no location of the Miners' Union lode claim, or that the same was forfeited for failure to perform the labor or make the improvements required by law, then in either case the ground would be subject to location, and if the plaintiffs complied with the requirements of the law as hereinbefore given in making their location, then the jury are instructed to find for the plaintiffs."

5. "If you find from the evidence that although Fisher may have made a valid location of the said Miners' Union claim, but he or his successors in interest failed to do one hundred dollars' worth of work, or to place one hundred dollars' worth of improvements on the said claim in the year of 1884, the ground was subject to relocation on the first day of January, 1885.

"It is claimed, and there is no dispute, that seventy-five dollars' worth of work was done on the said claim by Jacobs, and

the controversy between the respective parties is as to whether or not Carroll, or either of them, did the other twenty-five dollars' worth of work, upon which point there is a conflict of testimony, and you will be the exclusive judges of the weight to be given to the testimony of the respective witnesses and their credibility, as well as their means of knowledge, and that if you find that there was not twenty-five dollars' worth of work done by the said Carroll, or, in other words, if you find that that there was not one hundred dollars worth of work done by all the claimants of the said Miners' Union lode claim, you will find that the said claimants forfeited all right and title to the same, and the said ground was, on the first day of January, 1885, subject to relocation, and if there was any amount less than one hundred dollars' worth done, in the eye of the law, it occupies the same position, and their claim was forfeited as much so as if they had done none at all, for the law says that there shall be one hundred dollars' worth of work done, or improvements made on a claim for each year."

6. "In determining the amount of work done upon a claim, or improvements put thereon for the purpose of representation, the test is as to the reasonable value of the said work, or improvements, not what was paid for it or what the contract price was, but it depends entirely upon whether or not the said work or improvements were reasonably worth the said sum of one hundred dollars."

The other facts are stated in the opinion.

HARWOOD, J.—This action was instituted pursuant to the provisions of section 2326 of the Revised Statutes of the United States to determine the right of possession to a certain quartz lode mining claim, situate in Silver Bow county, Montana, as between appellant, who was applicant for a patent thereto under the name of "Miners' Union Lode Mining Claim," and the respondent, who was the adverse claimant, with others, of said ground, under a location known as the "Great Eastern Quartz Lode Mining Claim."

The case has been pending since 1886, and the present appeal is from the judgment rendered as the result of a second trial, wherein it was determined for the second time, that

appellant, Lewisohn, failed to establish title and right of possession to said ground; and also an appeal from an order overruling his motion for new trial.

The first and most important question presented on this appeal is as to the effect of the first trial, the judgment and reversal of that judgment by the supreme court on a former appeal.

The report of the consideration and determination of the case on the former appeal is found in 8 Mont. 259; and as there shown, the first trial resulted in findings to the effect that neither party had established a title to the ground in dispute; and judgment was pronounced accordingly.

Defendant prosecuted an appeal from the whole of said judgment, assigning certain errors alleged to have been committed by the court below in the trial by way of ruling out certain evidence offered by defendant, and also assigning and urging the proposition that the complaint as originally filed failed to state facts sufficient to constitute a cause of action; which last objection was also raised in the court below by demurrer to the complaint. The supreme court considered, as appears from the opinion cited *supra*, but one question on that appeal, namely, whether or not the complaint was sufficient, and held that it was not, and thereupon reversed the judgment, and remanded the case, with direction to the trial court to sustain the demurrer to the complaint.

Thereafter, on return of *remittitur*, plaintiff filed an amended complaint by leave of court, which complaint was afterwards further amended by leave of court, setting up substantially the facts pleaded in the original complaint, and also undertaking to make the complaint sufficient in the respects wherein it was found wanting on the former adjudication. Now, defendant, who had appealed and caused the former judgment to be reversed as aforesaid, moved the trial court to strike the amended complaint from the files of said court, on the ground that the facts set up by plaintiffs, whereby they claimed title and right of possession to said ground in dispute, had been adjudicated and determined against them, and that such determination had not been vacated on appeal. This position was taken by defendant on the theory that the former judgment against plain-

tiffs, declaring them without title to said mining ground, still stood in full force and effect, notwithstanding the appeal and reversal of said judgment. The trial court, however, overruled said motion to strike out plaintiffs' amended complaint, to which ruling exception was reserved by defendant, and that question is here presented on this appeal as the main question for determination.

Appellant contends that the reversal of the case on the former appeal was only a vacation of the judgment as to its effect in determining *that defendant* was without title or right of possession to the ground in dispute.

The conclusion reached by this court upon consideration of that question is that appellant cannot be sustained in his contention that the former judgment after reversal still stood in full force and effect against the plaintiffs. If the former appeal had been taken distinctly from part of the judgment (*Bank of Commerce* v. *Fuqua*, 11 Mont. 285; 28 Am. St. Rep. 461), and the same had been reversed as to the part only relating to defendant's rights and claim upon said ground, for error committed in respect to that determination, there would undoubtedly be great force in the position contended for by appellant, but the judgment was reversed because the complaint was found wanting in the attempt to state a sufficient cause of action; and a reversal of the judgment unconditionally on such a ground would seem to have entirely vacated it, together with all proceedings subsequent to the demurrer. The supreme court held on the appeal that the case had never been properly in court, and that the demurrer interposed to the original complaint ought to have been sustained; and for that cause the supreme court held that the judgment must be reversed, treating all proceedings subsequent to the demurrer as null and void. We think in such a determination as that it cannot be maintained that the judgment still stands in force as an adjudication and determination of the rights of plaintiffs in that action. To hold with appellant on this point would be to declare such a judgment as existing, valid, and binding in certain respects; while at the same time holding that part of the judgment-roll which is necessary to sustain the judgment was wanting, and also holding that for that reason the judgment

should be reversed and set aside, root and branch. Such a position, we think, is untenable. If, on the former appeal, appellant had so shaped his course as to have attacked rulings which related to the action and judgment, on the branch of the case concerning the determination of his alleged rights in and to said land, and had appealed from that part of the judgment only, and the appellate court, in considering such appeal, had confined its inquiries and determination to the portion of the judgment relating to defendant's claim to said ground alone, and reversed the judgment only in its effect against defendant, then, of course, it might have been left in force as an adjudication and determination of the claims of plaintiffs to said ground, this being an action where either party must independently make out a complete case on his own behalf in order to obtain a judgment. But, as we have seen, that was not the character of appeal, nor was the determination so limited on the former appeal of this case. For by that determination the parties were relegated back to the position they occupied when demurrer to the original complaint was under consideration in the trial court.

The ruling of the trial court, therefore, in refusing to strike out the amended complaint, filed after the former reversal, we think ought to be sustained. (*Mattock* v. *Goughner, ante,* p. 300.)

Appellant further contends that the special finding of the jury on the present trial, to the effect that defendant failed to improve said mining claim to the extent of not less than one hundred dollars' worth of work or improvements thereon in the year 1884, was not sustained by the evidence. We have carefully considered the evidence contained in the record relating to this question and from that examination are drawn to the conclusion that the special finding of the jury in that respect is undoubtedly supported by the evidence. Indeed we think a finding to the contrary might be gravely questioned, as to whether with all warrantable liberality of construction, the evidence could be held sufficient to support a conclusion that the necessary work or improvement, to fulfill the requirements of the law, was expended upon said mining claim in the year 1884. The jury found the contrary, and, in our opinion,

such finding is amply supported by the evidence; and that the ruling of the trial court in refusing to disturb that finding ought not to be reversed.

It is further urged that the trial court committed errors of law in giving certain instructions to the jury. The instructions criticised are set forth in the above statement of the case. It is assigned that instruction No. 1 is erroneous, because the court in defining the requisites of a valid mining location, stated, among other essentials, that the locator must, within twenty days after making the location, "file and have recorded in the office of the county recorder of the county in which the claim is located a declaratory statement on oath containing," etc. The clause "on oath" appearing in said instruction is objected to. But in view of the requirements of the statute, and the decisions wherein the same question has been considered, we think the court correctly stated the law. (*Metcalf* v. *Prescott*, 10 Mont. 283, and cases therein cited.) Instructions No. 3 and 4 are also objected to on the ground that the jury was thereby informed "that it was not necessary for plaintiffs to prove compliance with the law as to performance of annual work on the Great Eastern Claim." By reference to those instructions, it will be seen the jury was thereby told that the pleadings raised no issue in respect to the representation of said "Great Eastern Mining Claim," by proper expenditure in labor or improvements thereon as required by law. The instruction says: "It is not pleaded on the part of defendant that the plaintiffs have forfeited the ground in controversy by reason of a failure to perform the labor or make the improvements required by law, and there is no necessity for plaintiffs to prove such representation."

There being no issue raised on that point by the pleadings, but, on the contrary, the fact of such representation of the Great Eastern Claim being admitted, or not put in controversy, the instruction was correct. (*Wulf* v. *Manuel*, 9 Mont. 286.) Instruction No. 5 is criticised as erroneous, because "it states that there is no dispute that $75 worth of work was done on the Miner's Union in 1834, but that as to the remaining $25, the fact is disputed, and the evidence conflicting." In this connection appellant's counsel say, "it is conceded that $78.50

worth of work was done in 1884.  Jacobs, the plaintiffs' witness, credits Carroll with one day's work, at $3.50; which, added to the $75 worth done by Jacobs and Hussleton, amounts to $78.50; so that the amount left in dispute, and as to which there is conflicting evidence, is not $25, but $21.50."  Even granting all that appellant claims in this connection with full force, we still deem the language of the instruction void of prejudice on the point of its attempted criticism.   The court said to the jury in that instruction, that the dispute was concerning $25 worth of work or improvements on the claim in that year, in addition to the $75 worth admitted; in other words, that was the scope of the controversy on that point; and the court did not say that proof of the performance of some, or even all, of that $25 worth of work had not been made; but the jury were left free to so find, if it could be found from the evidence.   It is also urged against this instruction, that, "it is likewise erroneous in exacting too rigid a compliance with the letter of the mining laws," in respect to the amount of work or improvements required for representation.   We do not find in this instruction any rigid exaction, which demands from appellant any greater measure than the law requires, in return for the grant of a mining claim.   The instruction simply and plainly states what the law requires.  There is no error in stating the conditions which must be complied with in order to invest the locator of a mining claim on the public domain with exclusive right of possession, and enjoyment thereof.   Nor do we observe any thing rigid or formidable in the form of this instruction.   Of course, an instruction which states the requirements of the law may seem quite rigid to one who, by dint of the utmost stretch, cannot show fulfillment.   But the objection then is against the law instead of the instruction which states the law; and the law appears rigid only when it lays its rule upon delinquency and finds it wanting.   We cannot sustain the objection to instruction No. 5.   Lastly, instruction No. 6 is attacked as erroneous, because the jury are thereby told that: "In estimating the amount of work or improvements the test is the reasonable value thereof, not what was paid for it, or what the contract price was, but it depends entirely upon whether or not said work or improve-

ments were reasonably worth the sum of $100." In this connection appellant's counsel argue that the "intrinsic value or worth of the property may be nothing at all. If the amount of labor put into it was worth $100 it is sufficient." We do not regard the language of the instruction fairly susceptible of a construction antagonistic to the view of appellant's counsel. Indeed it seems to us that the court is in accord with them in saying to the jury: "In estimating the amount of work or improvements, the test is the reasonable value thereof." The court here said to the jury, it is the reasonable value of the work or improvements, which you must consider. The court certainly did not in that instruction say that the value of the claim with such work or improvements thereon, or the value of the work or improvements to the claim, was the criterion for ascertaining whether the requirements of the law had been fulfilled. And we do not think a jury would be misled in construing or applying the language used by the court, especially in view of the fact that the evidence on that point is directed to the ascertainment of the value of the work or improvements put upon the mine, irrespective of the value of the mining claim; or the propriety or expediency of making the improving, or working it in the manner shown; or inquiring how much it enhanced the value of the claim.

Upon careful consideration of these instructions in the light of the criticism brought to bear on them by the learned counsel for appellant, we think, taken in connection with the other instructions given, they plainly and sufficiently state the law applicable to the case as developed in the pleadings and evidence.

The conclusion of this court, upon all the errors assigned, is that judgment of the court below and the order overruling appellant's motion for a new trial should be affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.