PENN, ET AL., APPELLANTS *v.* OLDHAUBER, RESPONDENT.

[No. 1216 ]

[Submitted June 15, 190). Decided July 2, 1900.]

*Mining Claim—Annual Representation Work—Customs of Miners—Validity—Appeal and Error.*

1. Rev. St. U. S. Section 2324. provides that the miners in each mining district may make regulations, not in conflict with the laws of the United States, governing the amount of work necessary to hold possession of a mining claim, provided that no less than $100 worth of labor shall be performed or improvements made on each claim during each year. *Held*, that a custom among miners in a certain district that 20 days' labor shall constitute $100 worth of work is in conflict with this section,

and therefore void, for the test is not the number of day's work performed, but the worth or reasonable value of the labor performed or improvements made.

2. Where, in an action of ejectment for the recovery of a mining claim, the evidence of plaintiff's compliance with the law as to doing the required amount of assessment work is conflicting. the judgment of the trial court in refusing a new trial will be affirmed.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

EJECTMENT by G. W. Penn, and others against Claus Old-hauber. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

## STATEMENT OF THE CASE.

This action is a suit in ejectment brought by plaintiffs against defendant to recover possession of a quartz lode mining claim, known as the ''Blue Bell,'' situated in an unorganized mining district in Deer Lodge county. In his answer the defendant denied the ownership and right of possession of the plaintiffs to the premises described in the complaint, and as a further and separate defense, alleged that neither the plaintiffs, or either of them, nor any one in their behalf, performed $100 worth of development or representation work, or any work at all, upon said Blue Bell quartz lode claim, or upon any part thereof, during or for the year 1895 and therefore, if said plaintiffs, or either of them, ever had any right, title, or interest in or to said quartz location, that they have forfeited the same.

The case was tried to the court without a jury, by stipulation of counsel in words as follows: ''In the above cause it is hereby stipulated and agreed that the only issue to be tried or on which testimony shall be introduced, is: Did the owners of the said Blue Bell quartz lode mining claim, mentioned in said complaint, do or cause to be done $100 worth of work and labor and improvements on said claim during the year 1895?—and, if the jury or court shall answer this question in the affirmative, that the plaintiffs shall have judgment for said mining ground and costs. But, if they or the court

shall answer in the negative, then the defendant shall have judgment in his favor.    It is agreed that all other facts necessary to entitle either party to recover shall be taken as proved; either the plaintiff or defendant to have the right of appeal to the supreme court.    Dated the 29th day of March, 1897.''    Upon the single question stated in the stipulation, evidence was introduced by plaintiffs and defendant; and upon this evidence the court below found ''that the plaintiffs had not performed one hundred dollars worth of work during the year 1895, and that therefore the ground included within the Blue Bell· location became vacant and subject to relocation.''    The court further held that testimony concerning the rules and customs in the district in which the property in dispute was situated, as to the number of day's work that constituted $100 worth of work, was inadmissible.    From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff's appeal.

*Mr. James W. Forbis,* and *Mr. Charles M. Parr,* for Appellants.

*Messrs Rodgers* and *Rodgers,* for Respondent.

MR. JUSTICE WORD, after stating the case, delivered the opinion of the court.

In the progress of the trial certain of plaintiffs' witnesses were each asked, in substance, the question:    ''Do you know what were the rules and customs among miners in that district [meaning the district in which the Blue Bell lode was situated] as to the number of day's work that constituted a hundred dollars worth of work?''    The answer in each instance was, substantially:    ''Yes; twenty days' work.''    To this question, whenever asked, the defendant's counsel objected on the ground that the same was incompetent, irrelevant, and immaterial, for the reason that the rules and customs as to the number of day's work that· constituted $100 worth of work is not the standard by which the value of the work done upon a mining claim should be measured.    The

court admitted this evidence subject to defendant's objection, but afterwards excluded it from consideration on the ground that it was incompetent. This ruling of the court is the only error assigned by appellants, and upon which they ask a reversal of the case.

The appellants contend that in the year 1895 there was in existence in the district in which the property in controversy is situated a custom to the effect that 20 days' work performed upon a claim satisfied the requirements of section 2324, Rev. St. U. S., as to annual work, and that evidence of such custom was admissible under section 1321 of the Code of Civil Procedure (Statutes of Montana.)

Section 2324, Rev. St. U. S., among other things, provides that "the miners of each mining district may make regulations not in conflict with the laws of the United States, or with the laws of the state or territory in which the district is situated, governing the location, manner of recording amount of work necessary to hold possession of a mining claim, subject to the following requirements: * * * On each claim located after the 10th day of May, eighteen hundred and seventy-two, and until a patent has been issued, therefor, not less than one hundred dollars worth of labor shall be performed or improvements made during each year:" And said section further provides that, upon a failure to comply with this condition, the claim or mine upon which such failure occurred, shall be open to relocation in the same manner as if no location of the same had ever been made.

A rule or custom like the one appellants sought to establish must not only be reasonable, but it must not be in conflict with the laws of Congress, or of the state. Nor can such a custom authorize a less annual expenditure than that named in the Federal statute. (*Sweet* v. *Webber*, 7. Colo. 443, 4 Pac. 752; *Jackson* v. *Roby*, 109 U. S. 440, 3 Sup. Ct. 301, 27 L. Ed. 990; *Chambers* v. *Harrington*, 111 U. S. 350, 4 Sup. Ct. 428, 28 L. Ed. 452.)

From a consideration of this statute of the United States, it appears that, when the contention is as to whether or not a

mining claim has been represented for a given year, the test is not as to the number of days' work done upon it, but what is the worth or reasonable value of the labor performed or improvements made thereon. The value of work done or improvements made is to be measured, not in days, but in dollars. Such work or improvements may add nothing to the value of the claim, but if, when completed, said work or improvements are reasonably worth the sum of one hundred dollars, then this requirement of the statute has been fulfilled. Such, in effect, is the holding of this court in *Mattingly* v. *Lewishon*, 13 Mont. 508, 35 Pac. 111, and that ruling we now approve.

Were the principles contended for by appellants to prevail the sole question to be determined in a case like the one now under consideration, where the value of each day's work had been fixed by custom, would be: How many days' work has been done upon the claim? All questions as to the worth or reasonable value of the work done, or improvements made, or of the good faith of the owner, would be eliminated. Again, under the provisions of section 2324, Rev. St. U. S., we have a uniform rule as to the performance and as to the value of annual labor. Such would not be the case if the customs of a mining district as to the representation of claims are to be followed. In one district the actual value of the work performed upon a claim within the number of days fixed by custom might be $100, while in another district, possibly adjacent, the reasonable value of the work done, or improvements made, because of a custom requiring a less number of days to represent a claim, might fall far short of the amount required by statute to be expended on a claim during each year. The actual cost to the same owner of representing claims in different districts, even though the custom as to the number of days' work required to be performed was the same in each, might vary, owing to the difference in the price of labor. Other instances wherein the rule as to the value of the work done or improvements made in representing a mining claim, if the customs of a mining

district are to prevail, would conflict with that established by section 2324 of the Revised Statutes of the United States, readily suggest themselves. That a custom such as that appellants sought to establish does conflict with said section 2324 is plain. The ruling of the court below excluding the evidence offered by appellants as to the rules and customs of the mining district in which the claim in controversy is situated is approved.

A careful examination of the evidence shows a substantial conflict therein, and the judgment of the court below and the order refusing a new trial are accordingly affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY being disqualified, takes no part in the foregoing opinion.