WARD v. BRADY et al.

(Supreme Court, Special Term, New York County.   May 3, 1909.)

PLEADING (§ 132*)—ANSWER—MATTER IN AVOIDANCE.

Under Code Civ. Proc. § 500, requiring new matter constituting a defense to be set forth, in an action on contract, an allegation of the answer that a condition was waived, without stating the facts constituting the waiver, was demurrable.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 132.*]

Action by Mary A. Humphrey Ward against William A. Brady and others.   Demurrer to a separate defense sustained.

Ernst, Lowenstein & Cane (Bernard M. L. Ernst, of counsel), for plaintiff.

Dittenhoefer, Gerber & James, for defendant Brady.

GIEGERICH, J.   The action is brought to restrain the defendants from producing or leasing a certain dramatic version of a novel written by the plaintiff, entitled "The Marriage of William Ashe," and for an accounting for royalties received by the defendants, and to compel them to turn over to the plaintiff all manuscripts of such dramatic version and for damages.   Among other things, the complaint alleges that the defendant Brady failed to produce the play during the first season covered by the contract existing between him and the plaintiff the prescribed number of times, and that written notice canceling the contract was served upon him by the plaintiff.   The answer of the defendant Brady sets up as a separate defense the following:

"That any alleged default or failure on the part of this defendant to give the number of performances specified in the agreement referred to in the complaint was waived by the plaintiff."

Against the claim that this is a mere conclusion of law the pleader cites Abbott's Forms of Pleading (volume 1, form 384), where identical language is used in pleading the waiver of the conditions of an insurance policy, without stating any of the facts which constituted the waiver. Conceding the weight which should be accorded to any method of pleading approved by the distinguished author referred to, I am nevertheless compelled to differ with him on this point, both on principle and on the authority of cases decided in other jurisdictions.   The question seems never to have been passed upon by any court of this state, and the learned author relied upon by the defendants cites no authority, nor is there a footnote or anything to show that he gave special consideration to the point.

Outside this state, there is at least one authority squarely in point. In Phinney v. Mutual Life Ins. Co. (C. C.) 67 Fed. 493, it was distinctly held that such pleading of a waiver is bad; and in 9 Cyc. 727, the rule is laid down that the facts showing a waiver of performance of a provision in a contract must be specially pleaded.

Analogous cases dealing with words of kindred import are not infrequent.   In Glasscock v. Hamilton, 62 Tex. 143, a release from the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

plaintiff's demand, set up in the answer as a legal result from facts not disclosed therein, was held bad on demurrer. Similarly, in Marshall v. Mathers, 103 Ind. 458, 3 N. E. 120, and Kelso v. Fleming, 104 Ind. 180, 3 N. E. 830, the plea that the payee in the note sued upon released the defendant was held insufficient. In Dutch Flat Water Co. v. Mooney, 12 Cal. 534, an answer which alleged that the plaintiff had lost whatever right he had by a failure to comply with the rules, regulations, and customs of the mining district was held bad on demurrer; the court saying that the general allegation of forfeiture was a legal conclusion upon which no issue could be taken, and that the facts must be stated so as to enable the court to see whether the forfeiture did occur.

My conclusion is that it is insufficient to allege in bald terms that a right has been waived, just as it is to allege in similar manner that it has been released or forfeited, and that in such cases the new matter constituting the defense should be set forth. This is in accordance with the general principles of pleading, as well as in compliance with the explicit requirements of section 500 of our Code of Civil Procedure.

The demurrer is sustained, with costs, with leave to the defendants to amend upon payment of costs within 20 days after service of the interlocutory judgment to be entered hereon.