## MARIA E. O. CADIZ v. JOSEPH L. MAJORS, MARIA DE LOS ANGELES MAJORS, JOAQUIN MAJORS, AND GEORGE PACE.

SUBSEQUENTLY ACQUIRED TITLE.—Where C., who at the time had no title to certain real property, made to D. a quitclaim deed to the same, but subsequently acquired title thereto, and·then conveyed to P. : *held*, that D., by his deed, did not acquire the subsequently acquired title. *Gee* v. *Moore*, 14 Cal. 472, and *Morrison* v. *Wilson*, 30 Cal. 344, are cited as authority.

PLEADING EQUITABLE TITLE.—An equitable title cannot avail a defendant in an action of ejectment, unless it be pleaded.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

This was an action to recover possession of a part of the Rancho del Refugio, in Santa Cruz County. The complaint was in the usual form in ejectment, and the answer of defendant Pace was a general denial, except as to his possession of a portion described of the demanded premises, of which he alleged that he, at the commencement of the action and then, was seized in fee.

The cause was tried before the Court without a jury, and judgment rendered for plaintiff; from which judgment and an order of the Court denying his motion for a new trial, defendant Pace appealed.

The facts are stated in the opinion of the Court, so far as the same are required to illustrate the points considered.

*G. T. Martin*, and *P. L. Edwards*, for Appellant.

*William Mathews*, for Respondent.

By the Court, SANDERSON, J.:

Both parties claim title from Ignacio Castro. The plaintiff by deed from Castro to Plongeon, November 14, 1857 ; by deed from Plongeon to Anderson, January 11, 1859; from Anderson to Temple, July 18, 1859, and from Temple

to herself September 13, 1861. The defendant claims by deed from Castro to Dunlap, December 29, 1855, and from Dunlap to himself, November 8, 1864.

The case shows that Castro first acquired title by deed from Meader, dated September 3, 1856; so at the time he conveyed to Dunlap (December 29, 1855) he had no title; but he had acquired the title before he conveyed to Plongeon (November 14, 1857). The only question seems to be whether the deed from Castro to Dunlap was sufficient to pass the title which Castro subsequently acquired from Meader. The deed from Castro to Dunlap was only a quitclaim, and therefore did not pass the title which Castro subsequently acquired. (*Gee* v. *Moore*, 14 Cal. 472; *Morrison* v. *Wilson*, 30 Cal. 344.)

This is an action of ejectment without any equitable defence. The only issue made by the pleadings, therefore, is as to the legal title. If the defendant claims an equitable title by reason of the agreement between Meader and the Bolcoffs and his deed from Castro, it cannot avail him in this action, for the reason that it has not been pleaded.

Order and judgment affirmed.

SAWYER, J., concurring specially:

Under the settled law of this State I am compelled to concur in the judgment. Yet, upon the record as now presented, it is manifest that the equitable title is in defendant, Pace, and that the plaintiff, at best, only holds the legal title, without any beneficial interest. If there are no other equities opposed to the equities of defendant his equitable title should have been set up as a defence in the answer. But as the case stands, it must be disposed of according to the legal title.