Reece, appellant, *v.* Roush, respondent.

EJECTMENT — *equitable defense.* In an action of ejectment, the defendant may set up an equitable defense, and a prayer in the answer for costs is appropriate relief.

STATUTE OF FRAUDS — *oral agreement relating to sale of real property — resulting trust.* A. owned and possessed real property, which was sold by the sheriff under a judicial decree. Before the sale, A. and B. entered into an oral agreement, under which B. bid off the property and advanced the pur-

chase-money and held the legal title for A. A. secured the payment of the money by certain rents, which have paid the sum advanced by B. A. continued in the peaceable possession of the property about five years, when B. brought this action to recover the possession. *Held*, that the agreement is not within the statute of frauds, and that B. is the trustee of A. *Held*, also, that the trust is created "by act or operation of law." *Held*, also, that a delivery of the property to A. by B., after the sheriff's sale, can be inferred from the facts and acts of the parties.

*Appeal from Third District, Lewis and Clarke County.*

The judgment was rendered by WADE, J.

JOHNSTON & TOOLE, for appellant.

Respondents cannot plead an equitable defense in this action unless they put themselves in a position to finally determine the controversy and obtain a decree securing their rights. *Lomme* v. *Kintzing*, 1 Mon. 290 ; 1 Van Santv. Pl. (Moak's ed.) 687 ; *Kenyon* v. *Quinn*, 41 Cal. 325.

The trust set up in respondents' answer is express, and cannot be proved by oral testimony. It is not a resulting trust, as respondents paid no purchase-money. It is not created by law and saved from the statute of frauds. Cod. Sts. 393, § 6 ; Browne on Frauds, §§ 79–82 ; *Pierce* v. *Colcord*, 113 Mass. 372 ; Perry on Trusts, §§ 75, 137, 140.

Appellant never delivered possession of the property to respondents, who were in possession at the time of the alleged agreement and remained therein. It is not the agreement but the act of delivering possession that takes a case out of the statute. Appellant was entitled to the rents of property he bought without any agreement with respondents. There was nothing done in part performance of the agreement. The statute of frauds applies to this class of cases. There was no mutuality in the alleged agreement, no consideration for the rents, and the agreement was not to be performed within a year. Cod. Sts. 392, §§ 1, 2, 3 ; 393, § 12 ; 1 Pars. on Cont. 455 ; 1 Sto. Eq. (9th ed.), § 736.

Respondents abandoned their agreement by instituting a suit to set aside the sale to appellant. They cannot ask a court of equity to enforce a specific performance thereof. *Conrad* v. *Lindley*, 2 Cal. 175.

CHUMASERO & CHADWICK and SANDERS & CULLEN, for respondent.

No prayer for affirmative relief is necessary in the respondents' answer. The facts averred would estop the appellant from the prosecution of the action. *Lestrade* v. *Barth*, 19 Cal. 670; Pomeroy on Remedies, §§ 87–97.

The seventh section of the statute of Charles II, for the prevention of frauds, has not been adopted in this Territory. Perry on Trusts, §§ 75–79; Bispham's Eq. 71; Cod. Sts. 391; *Osterman* v. *Baldwin*, 6 Wall. 123.

Respondents rely upon a resulting trust, which need not be created, manifested or proved by a written instrument. *Ryan* v. *Dox*, 34 N. Y. 307; *Astor* v. *L'Amoreux*, 4 Sandf. 524; *Foote* v. *Foote*, 58 Barb. 258; *Booth's Appeal*, 35 Conn. 165; *Peabody* v. *Tarbell*, 2 Cush. 231; *Sandfoss* v. *Jones*, 35 Cal. 481; Browne on Frauds, §§ 83, 84, 481.

The loan of the purchase-money was to be paid by certain rents. This made a mutual contract. Appellant bought the property with this money and there was a resulting trust which can be proved by parol.

Appellant has received the rents and is estopped from saying there was no consideration, or that mutuality is wanting.

If an answer states facts for defense, which entitle defendant to affirmative relief, and parties are in court, the relief prayed for is not the limitation upon the power of the court to grant such relief as the facts warrant. *Bradley* v. *Aldrich*, 40 N. Y. 504; *Hale* v. *Omaha N. Bank*, 49 id. 626.


JOHNSTON & TOOLE, for appellant, in reply.

No resulting trust is averred in the respondents' pleadings. They set up an express trust which cannot be proved by oral testimony. No facts sustain the claim of respondents about any trust or agreement. There must be a payment with the money of the *cestui que trust*. In this case the identical fund was coming to appellant. *Roberts* v. *Ware*, 40 Cal. 634; *Coates* v. *Woodworth*, 13 Ill. 654; *Reeve* v. *Strawn*, 14 id. 94. Respondents' credit was not used.

Our statute is as effectual as the seventh section of the statute of Charles II. Cod. Sts. 393, § 6. This case is within the statute. Respondents seek to divest appellant of a legal title by an oral agreement. *Williamson* v. *Williamson*, 4 Iowa, 279.

The only issue was the right of possession, about which nothing was said in the agreement. Respondents must prove clearly their contract. *Purcell* v. *Miner*, 4 Wall. 513; *Charpiot* v. *Sigerson*, 25 Mo. 63. The agreement must be mutual. *Abell* v. *Calderwood*, 4 Cal. 90; *Doe* v. *Culverwell*, 35 id. 291.

Respondents did not remain in possession under the agreement and appellant could sue therefor when he saw proper.

There is no prayer for general relief to bring the case within the general rule in equity cases. 1 Van Santv. Pl. (Moak's ed.) 361.

BLAKE, J. The complaint alleges that the appellant is the owner in fee and entitled to the possession of a certain lot of land in Helena, and that the respondents are in the possession of and wrongfully withhold the same. The prayer is for the possession of the property and damages for its wrongful withholding.

The respondents do not deny any of these allegations, except that relating to the wrongful withholding, and say, in their answer, that the lot was sold by the sheriff November 10, 1871, under a decree of the district court against them; that appellant, at the request of the respondents, and as their trustee, agreed to and did purchase the property; that appellant, under this agreement, allowed the respondents to retain the possession of the premises; that appellant held the title in trust for the respondents and agreed to convey the property to them as soon as he received from certain rents the money advanced at the sheriff's sale; and that the rents so received exceeded the sum paid by appellant for the premises. The prayer is for costs. The new matter contained in the answer is denied by appellant in his replication.

The action was tried by the court, without a jury, and judgment for costs was entered for the respondents upon the findings of facts and conclusions of law. The transcript does not contain the evidence. It appears from the findings, which are not excepted to, that the agreement of the parties was not in writing,

and that, aside from the same, the respondents established no right to the property, or its possession; that respondents owned and had possession of the lot November 10, 1871, when it was sold by the sheriff under a decree of the district court; that before said sale the appellant and respondents entered into an oral agreement by which the appellant agreed to bid off said property for the respondents, and advance the money therefor and hold the legal title for the respondents in consideration that the respondents secured the payment of the same by the rents or certain property; that this agreement was executed, and the respondents continued in the possession of the lot; that the respondents were unsuccessful in an action to set aside the sheriff's sale to the appellant; that nothing was said in the agreement about the possession of the property; and that the appellant had a mortgage and mechanic's lien upon the lot.

The appellant claims that the equitable title of the respondents should have been set up in a cross-bill, demanding affirmative relief, and that the respondents should have put themselves in a position in which they could obtain a final decree. A demurrer to the prayer of a pleading will not be entertained by courts. The matters contained in the answer have been properly alleged. *Cadiz* v. *Majors*, 33 Cal. 288; *McCauley* v. *Fulton*, 44 id. 362; *Tormey* v. *True*, 45 id. 105; *Kenyon* v. *Quinn*, 41 id. 330. The appellant relies upon the last case, in which the court says that a party should have pleaded his equitable title, " and asked the appropriate relief." The main question related to the admission of evidence of such a title under an answer which did not have sufficient averments to uphold it. We think that a judgment for costs might be "appropriate relief." Under the pleadings the respondents might have secured a complete adjudication of their rights, but we are unable to see how the appellant has been injured by their action in demanding less relief than they were entitled to. If there is any error in this matter the appellant cannot complain. It is held in *Lestrade* v. *Barth*, 19 Cal. 671, that the equitable defense must be of such a character that it may be ripened into " a legal right to the premises, or such as will estop the plaintiff from the prosecution of the action." The

judgment for the respondents for costs would prevent the appellant from prosecuting this action.

The chief question must be considered. Is the oral agreement, on which the title of the respondents is based, within the statute of frauds? The following sections of the act concerning " conveyances and contracts " must be examined. No " trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance, in writing" * * *. Cod. Sts. 393, § 6. This " section shall not be construed to * * * prevent any trust arising or being extinguished by operation of law." Cod. Sts. 393, § 7. If the appellant is under any obligation to the respondents by virtue of the oral agreement it must be a trust which has been created " by act or operation of law." A trust of this nature can be established by parol testimony. " Express trusts cannot be proved by parol. They must be manifested or proved by some writing, signed by the party to be charged with the trust." Perry on Trusts, § 79 ; Cod. Sts. 393, § 6.

Do the findings establish an implied or resulting trust? Where the contract to hold land in trust is the means of obtaining the legal title, " the trust is not created by the contract but results or is implied from the fraud." Browne on Frauds, § 84. " If the circumstances are such as to raise a resulting or implied trust upon the conveyance, the person entitled to such beneficial interest has the right, at any time, to declare the trust." Perry on Trusts, § 77. The case of *Ryan* v. *Dox*, 34 N. Y. 307, is directly in point, and reviews carefully the authorities. The facts are substantially the same as those in the case at bar, and it is not necessary to state them. The court held that the purchaser under a foreclosure sale who undertakes to purchase for the benefit of the mortgagor, and thus acquires the title at a price below its value, will be deemed the trustee of the party for whom he has undertaken the purchase. It is no objection that the agreement by which this purchase was made was not in writing. The law makes him a trustee *ex maleficio.* The statutes of New York contain provisions similar to those of this Territory, which have been cited. The court says: " When one party has executed his

part of the agreement in the confidence that the other party would do the same, it is obvious that if the latter should refuse it would be a fraud upon the former to suffer his refusal to work to his prejudice." It is an established rule in equity that a parol agreement, in part performed, is not within the statute of frauds.

The sixth section of the statute of frauds of California is the same as that of this Territory, which has been cited. In the case of *Sandfoss* v. *Jones*, 35 Cal. 486, the court discusses the legal principles, which are applicable to the facts before us, and Mr. Justice SANDERSON says: "So far as the contract relates to the sale of real estate, it amounts to an agreement on the part of Jones and Blanchard to buy the property at sheriff's sale for the benefit of Bartram, who was the execution debtor, and to advance their own money, if necessary, for that purpose. Whether they paid for the real estate wholly or in part, with Bartram's money, or their own exclusively, is immaterial. In either event their agreement was not within the statute of frauds, and was not, therefore, void because it was not in writing." * * * "If, however, we consider the averments of the complaint in the light which is most favorable to the defendants, we have a verbal agreement on their part with an execution debtor whose land is about to be sold by the sheriff, to purchase it with their own funds and hold it for his benefit. Such an agreement is equivalent to a loan of the money and a taking of the title as security for its repayment; or an agreement by one person to purchase land for the benefit of another under circumstances which would amount to a fraud upon the latter, if the former was allowed to repudiate his promise, and, therefore, not within the statute of frauds."

These doctrines are maintained in the following cases: *Astor* v. *L'Amoreux*, 4 Sandf. 524; *Foote* v. *Foote*, 58 Barb. 258; *Booth's Appeal*, 35 Conn. 165; *Peabody* v. *Tarbell*, 2 Cush. 226; *Mc-Donough* v. *O'Niel*, 113 Mass. 92; *Soggins* v. *Heard*, 31 Miss. 428; *Price* v. *Reeves*, 38 Cal. 457.

The money which the appellant advanced for the purchase of the property at the sheriff's sale has been repaid by the respondents. The appellant has never interfered with the possession of the respondents, or demanded rent for the same, and the respond-

ents have enjoyed this quiet possession about five years. The rights 'of the parties cannot be affected by the fact that the appellant did not make a formal delivery of the premises to the respondents. Such a delivery, when the respondents were already in its possession, and have so continued during a long period, might be implied from the circumstances of this case. The appellant invokes the statute of frauds to enable him to obtain the possession of the property after his loan has been paid by the respondents. We cannot allow this statute to be used to promote fraud, and permit the appellant to evade his promise. The appellant must be regarded a trustee for the respondents. This trust has been created " by act or operation of law," and, consequently, the oral evidence to prove the same was admitted rightfully by the court below.

*Judgment affirmed.*