BAKKE et al. v. LATIMER et al.

(First Division. Juneau. July, 1906.)

No. 374A.

1. EJECTMENT (§§ 9, 86\*)—TITLE—BURDEN OF PROOF.

In ejectment, the plaintiffs must recover on the strength of their own title, and not upon the weakness of that of their adversary. The burden is on plaintiffs to establish the title they assert.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 16–29; Dec. Dig. §§ 9, 86.\*]

2. MINES AND MINERALS (§ 38\*)—EVIDENCE—FORFEITURE.

Where plaintiffs depend for title upon an alleged forfeiture of defendants' rights in a mining claim for nonperformance of assessment work, they must establish the alleged forfeiture by clear and convincing proof of the failure of the locators or owners of the claim to have the work done or improvements made to the amount required by law.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 38.\*]

3. MINES AND MINERALS (§ 23\*)—ASSESSMENT WORK.

Work done outside of a mining claim, if done for the purpose and as a means of prospecting or developing the claim, as in case of tunnels, drifts, etc., is as available for holding the claim as if within the boundaries of it.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 54; Dec. Dig. § 23.\*]

4. MINES AND MINERALS (§ 38\*)—FORFEITURE—PLEADING.

The plea of forfeiture in itself is an admission of a prior valid location. It is in confession and avoidance.

[Ed. Notes.—For other cases, see Mines and Minerals, Dec. Dig. § 38.\*]

This action is brought by the plaintiffs for the restitution of a certain lode mining claim known as the "Princess," lo-

cated on or near Gold creek, adjoining the town of Juneau, in the Harris mining district.

These plaintiffs allege that in the year 1896 they and one J. Thomas Willson became the owners of this mining claim in fee simple absolute; the paramount title of the United States alone intervening. Subsequently Willson died, and his interest passed to his estate. But before Willson's death, these defendants in the year 1896, wrongfully entered upon a portion of the claim and ousted plaintiffs and Willson therefrom, and since that time defendants have wrongfully withheld the possession thereof from the plaintiffs. For this they demand $750 damages.

The defendants deny the title of plaintiffs and any wrongful entry and ouster, and allege the lands in controversy to be unpatented public mineral lands of the United States, and that they are entitled to the possession thereof by virtue of priority of actual location, possession, and occupancy, and that they and those under whom they claim have been in the open, actual, adverse, and exclusive possession of these premises for a period of ten years before the commencement of this suit, and that the plaintiffs are barred by the statute of limitations.

The reply contains denials of the defendants' allegations of the possession and occupancy for the period of 10 years prior to the commencement of the action, and allege that defendants forfeited in the years 1895-96 such rights as they had to the premises by a failure to perform the work requisite to hold such claims under the law; that on January 1, 1896, after defendants had so forfeited the premises, one Fred M. Stevens entered thereon and located and staked the claim, and recorded on January 30, 1896, notices of location. Thereafter Stevens conveyed his title therein to these plaintiffs and Willson in his lifetime. The reply sets forth that these acts of Stevens were done prior to any resumption of

work by defendants, and while the ground was open to mineral location, and unoccupied public lands of the United States.

After the commencement of the action, and before trial, the defendant Latimer was, on motion, made a party plaintiff to the action. S. B. Willson, M. H. Willson, H. O. Willson, and T. B. Willson, all heirs at law and the sole beneficiaries of J. Thomas Willson, deceased, on their petition duly filed within the same period, were permitted to intervene as parties plaintiff.

E. M. Barnes, for plaintiffs.

J. H. Cobb, W. E. Crews, Z. R. Cheney, John R. Winn, and L. R. Gillete, for defendants.

GUNNISON, District Judge. The one issue of fact upon which the action hinges is that of the alleged forfeiture of the claim by defendants. The plaintiffs assume the position that, because the defendants admit having ousted them, they are therefore out of court. That would be true if an ouster always were wrongful, but a person may be rightfully as well as wrongfully ousted.

It is urged that, because plaintiffs have failed to plead their title, they cannot introduce evidence thereon, nor could judgment be rendered in their favor. The difficulty with plaintiffs' position is that they are here in an action in ejectment, and in an action of that character they must recover, if at all, upon the strength of their own title rather than upon the weakness of their opponents', and the burden is upon them to establish the title they assert. 10 Am. & Eng. Ency. of Law (2d Ed.) 481. They assert title to this claim, basing it upon a forfeiture by defendants, and before they can recover they must establish the alleged forfeiture by "clear and convincing proof of the failure of the locators or owners of the claim to have the work done or improvements made

3 A.R.—7

to the amount required by law." Book v. Justice Min. Co. (C. C.) 58 Fed. 118; Hammer v. Garfield Milling Co., 130 U. S. 301, 9 Sup. Ct. 548, 32 L. Ed. 964.

The statute of the United States provides:

"On each claim located after the 10th of May, 1872, and until a patent has been issued therefor, not less than one hundred dollars worth of labor shall be performed or improvements made during each year." Rev. St. U. S. § 2324 (U. S. Comp. St. 1901, p. 1426).

The courts of this country, in interpreting this provision of the law, have wisely construed it to mean that work done outside of a claim, or group of claims, if done for the purpose and as a means of prospecting or developing the claim, as in the case of tunnels, drifts, etc., is as available for holding the claim as if within the boundaries of it. 2 Lindley, § 631; Smelting Co. v. Kemp, 104 U. S. 636, 26 L. Ed. 875; Book v. Justice Min. Co. (C. C.) 58 Fed. 117. In other words, the miner is to be given the benefit of his expenditures or labors so long as they are made in good faith and for the promotion of the extraction of mineral and the development of the claim. 10 Am. & Eng. Ency. of Law, 735 et seq. In this case it is not denied that these defendants performed or employed others to perform certain work upon this claim. The position taken by plaintiffs is that the work accomplished was not reasonably worth the $100 required by section 2324. Mr. Lindley, in his valuable work on Mines, quotes from the decision of the Supreme Court of Colorado, in Quimby v. Boyd, 8 Colo. 194, 6 Pac. 462, the following:

"But the actual value is the true test, whether or not the law has been complied with, yet where the testimony is conflicting as to the value, it is proper to consider whether there has been a bona fide attempt to comply with the law."

There is a conflict in the evidence as to the value of the labor performed, but the testimony of defendants' witnesses is not such as to clearly and unquestionably establish their

assertion that the work in the year 1895 was not of the value of $100. Nor have the plaintiffs refuted the good faith of defendants in their expenditures upon the property.

The plea of forfeiture in itself is an admission of a prior valid location. It is in confession and avoidance. Power v. Sla, 24 Mont. 243, 61 Pac. 471. Therefore plaintiffs may not question defendants' location, for their rights under their pleadings rest upon that fact. Since, then, these defendants were in possession of the premises in controversy under a valid location, and, since they have failed to meet the requirements of the law—i. e., to establish a forfeiture of the claim by defendants' failure to perform the necessary assessment work—and since, where a valid location has once been made, no right or claim to the property can be acquired by an adverse party thereon for the purpose of relocation until the original location has been terminated by abandonment or forfeiture, the action cannot be sustained. Belk v. Meagher, 104 U. S. 279, 26 L. Ed. 735. There being no forfeiture, plaintiffs' grantor could not make a valid location, and hence plaintiffs' action fails.

Defendants also plead the statute of limitations (chapter 2, tit. 2, Code Civ. Proc. Alaska) in bar of the action. The consideration of the merits having been determinative of the cause, an examination of the question as to the statute of limitations is at this time unnecessary.

Let an order be entered in conformity herewith.